This is a request by plaintiff for review of an order by Trial Judge Wiese in which he allows defendant’s motion requesting denial of plaintiffs motion for leave to file interrogatories. Plaintiff invokes Rule 53(c)(2). Since the trial judge has not certified as subsection (i) contemplates, the request must meet the standards prescribed in subsection (ii). This he plainly fails to do.
The claim is for back pay by a civilian employee and he had a full evidentiary hearing before the Merit Systems Protection Board on May 1, 1980, this case being then under suspension. Defendant says it will shortly move for summary judgment on the administrative record. Plaintiff, now represented by counsel, acted pro se before the board. Counsel says on plaintiffs behalf that plaintiff did not get into the record all he should have; therefore, the administrative record will be found incomplete. Counsel does not say, however, what he expects to prove by the interrogatories that the record will not contain.
In cases that arose before the effective date of the Civil Service Reform Act, of which this is one, we do not consider *590 or classify the proceeding as appellate and, the record can be opened for additional evidence when justice requires. However, the majority of cases are decided on motions for summary judgment, or cross-motions, and for the purpose of passing on such motions, only the administrative record is considered. In opposition to summary judgment, a party can always point out that the record is incomplete and state what he believes to be a genuine issue of fact that the record does not yet dispose of. Thus, it is impossible to predict that filing and consideration of defendant’s summary judgment motion before discovery will irreparably prejudice the plaintiff. It may be defendant will be able to point out a want of jurisdiction or a threshold defense as to which no genuine factual dispute exists, and then the discovery would be irrelevant. Since most of the expense and delay of modern litigation are incurred and suffered in the discovery phase, it is evident that summary judgment must fail of its intended purpose if full discovery must always precede summary judgment, and the practice of this court is otherwise.
In view of these circumstances, a decision by a trial judge to postpone discovery to allow a dispositive motion to be made and decided, is regarded as routine, well within his discretion. He is not required to apply a different rule merely because a plaintiff was not represented by counsel at the administrative level. This court declines to examine the administrative record to see if it is as deficient as plaintiff says, nor will we pass on defendant’s defenses before we know what they are. Defendant, of course, takes the risk of denial of its motion on the ground of possible issues of fact, which issues might be shown to be nonexistent upon full discovery.
Accordingly, the request for review is denied